# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-1894

JESUS HUMBERTO ZUNIGA ROMERO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 18, 2022                    Decided: March 2, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition for review granted and remanded by unpublished per curiam opinion.

**ON BRIEF:** Katherine L. Evans, Shane Ellison, Christine Mullen, Legal Intern, Vicki Ye, Legal Intern, Immigrant Rights Clinic, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina; Benjamin R. Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia; Georgeanna M. Gardner, GARDNER LAW, PLLC, Raleigh, North Carolina, for Petitioner. Brian Boynton, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Humberto Zuniga Romero, a native and citizen of Honduras, petitions for review of the July 20, 2020, decision of the Board of Immigration Appeals ("Board") denying his request for administrative closure and ordering him removed to Honduras. Before us, Zuniga Romero contends that the Board abused its discretion in denying administrative closure. He also asserts that we should remand to the Board for a determination of his eligibility for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1), in light of the Supreme Court's intervening decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-84 (2021) (holding that stop-time rule codified in 8 U.S.C. § 1229b(d)(1) is triggered only when noncitizen is served with single document containing all information about the noncitizen's removal hearing specified in 8 U.S.C. § 1229(a)(1)). The Attorney General disagrees with Zuniga Romero's contention that the Board erred in denying administrative closure but agrees that a remand to the Board is warranted because of *Niz-Chavez*.

Having independently reviewed the record, we agree with the parties that this case should be remanded to the Board so that it may consider in the first instance whether Zuniga Romero is eligible for cancellation of removal after *Niz-Chavez*. Given this disposition, we decline to address the parties' arguments pertaining to the Board's denial of administrative closure.[*]

---

[*] If the Board again denies Zuniga Romero relief on remand, he may repursue his administrative closure arguments in an appeal from that decision, should he so choose.

2

We therefore grant Zuniga Romero's petition for review and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW GRANTED;*
*REMANDED*